UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| YI PU (TIANJIN) INTELLIGENT TECHNOLOGY CO., LTD., | |
| Plaintiff, | No. 25 CV 81 |
| v. | Judge Georgia N. Alexakis |
| GYROOR, et al., | |
| Defendants. | |

ORDER

For the reasons set forth below, plaintiff's *ex parte* motion for a temporary restraining order [8] and motion for alternative service [9] are denied. Plaintiff is ordered to show cause in writing by 2/7/25 why the case should not be dismissed.

STATEMENT

The Court has reviewed the plaintiff's memorandum on joinder [14] and determines, within its discretion, that plaintiff has failed to satisfy its burden to show that joinder of 27 defendants is proper in this matter under Federal Rule of Civil Procedure 20(a)(2). *See Estee Lauder Cosms. Ltd. v. The Partnerships*, 334 F.R.D. 182, 185 (N.D. Ill. 2020) (noting that "[plaintiff] bears the burden of demonstrating that joinder is proper").[1]

To support its position that joinder is proper, plaintiff argues that the "Defendants all produce products which appear extremely similar to one another and infringe Plaintiff's patented design." [14] at 4. But to the extent that the products bear some similarity in appearance, that in and of itself is not evidence that plaintiff's claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). *See Estee Lauder*, 334 F.R.D. at 188 ("Considering that the Defendants are copying the Estee Lauder products, it is not a surprise that the counterfeited end-results—along with their images and descriptions—would be similar."); *Ilustrata Servicos Design, Ltda. v. The Partnerships*, No. 21-CV-05993, 2021 WL 5396690, at *2 (N.D. Ill. Nov. 18, 2021) ("Nor are Defendants or their alleged infringement 'interrelated' simply because the

---

[1] For brevity, the Court will use "The Partnerships" when citing to cases in which the full defendant case caption reads "The Individuals, Corporations, Limited Liability Companies, Partnerships, and Unincorporated Associations Identified on Schedule A."

products sold by Defendants are similar."). Plaintiff alludes to "more shared and overlapping facts" in this case relative to other cases where other courts, including this one, concluded that defendants had been improperly joined. [14] at 4. But plaintiff does not specify what those additional facts may be, and it is not this Court's job to guess what facts support a party's position in litigation.

Plaintiff also attempts to distinguish *Estee Lauder* and this Court's order in *Bug Art Limited v. The Partnerships*, 24 CV 7777, Dkt. 28 (N.D. Ill. Oct. 8, 2024), by arguing that those cases involved allegations of copyright and trademark infringement, whereas this case involves allegations of patent infringement. Plaintiff, however, cites no legal support for the proposition that Rule 20's joinder requirements are to be applied more leniently in patent infringement cases. Indeed, for the reasons set forth in *Oakley, Inc. v. The Partnerships*, that does not appear to be the case. *See* No. 21 C 536, 2021 WL 308882, at *1–2 (N.D. Ill. Jan. 30, 2021) (detailing requirements for joinder under 35 U.S.C. § 299(b)). Plaintiff does suggest that joinder is proper in the patent-infringement context because "27 different cases" would require 27 different claim-construction and discovery schedules—its implicit suggestion being that joining 27 different defendants, each of whom may very well end up being represented by 27 different attorneys, will magically result in harmonious schedules. [14] at 4. In response to that dubious argument regarding judicial economy, the Court borrows the following language from a colleague:

> [A]ny suggestion that overlooking the requirements of Rule 20 serves judicial economy fails. The Court must still review infringement contentions as to each defendant, whether the defendants are joined in one case or sued individually. Because the Court does the same work, this does not improve efficiency. Experience has shown that allowing dozens … of defendants to be joined in one case undermines judicial economy. In addition to evaluating the plaintiff's evidence as to each defendant, the Court must keep track of each defendant's filings. While true that many defendants default in Schedule A cases, there are times when multiple defendants appear, seek different relief, require multiple hearings on varying motions, have different dates, and so on. This creates friction within the case that complicates the "managing and structuring civil litigation for fair and efficient resolution of complex disputes."

*Toyota Motor Sales, USA, Inc. v. The Partnerships*, 24 CV 9401, Dkt. 27 at 4 (N.D. Ill. Nov. 18, 2024) (citing *Cont'l Indem. Co. v. BII, Inc.*, 104 F.4th 630, 645 (7th Cir. 2024)); *see also Bailie v. The Partnerships*, 734 F. Supp. 3d 798, 804 (N.D. Ill. 2024) (explaining that because Schedule A cases typically proceed, at least for some period of time, in an *ex parte* context, the "evidence presented … is by its very nature one-sided" and "the law demands close scrutiny of such affidavits [and evidence], particularly in those instances wherein the affiant is not a disinterested party").

Finally, plaintiff argues that "even if there is misjoinder, the remedy is to sever claims against a misjoin[ed] Defendant." [14] at 3. The Court disagrees. Contrary to plaintiff's suggestion, the Court does not have discretion to bypass the standards set forth in Rule 20. "Once the plaintiff meets that standard, the Court may exercise its discretion and permit joinder." *Toyota Motor Sales, USA, Inc.*, 24 CV 9401, Dkt. 27 at 4. But the Court will not permit misjoinder of defendants only to contemplate severance later. *See also Oakley, Inc.*, No. 21 C 536, 2021 WL 308882, at *2 ("A 'shoot first and ask questions later' approach does not seem … appropriate here, particularly given the manner in which lawsuits of this type typically proceed, with under-seal filing, *ex parte* temporary restraining orders, asset freezes, and the like.").

In sum, in its discretion, on this record, the Court finds that plaintiff has failed to meet its burden to show that joining 27 defendants in this single lawsuit is proper. Accordingly, plaintiff's *ex parte* motion for a temporary restraining order [8] and motion for alternative service [9] are denied. Plaintiff is further ordered to show cause in writing by 2/7/25 why the case should not be dismissed. *See Oakley, Inc.*, No. 21 C 536, 2021 WL 308882, at *2.

Date: 1/27/25

Georgia N. Alexakis
United States District Judge